IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWN LOUIS JACOBS,

      Plaintiff,

v.                                                No. CIV 07-1224 JCH/LFG

CORRECTIONS CORPORATION OF
AMERICA and UNKNOWN NUMBER
OF EMPLOYEES,

      Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

### Introduction

This is a *pro se, informa pauperis* civil rights action brought under 42 U.S.C. § 1983 by Plaintiff Shawn Louis Jacobs ("Jacobs"). Jacobs is currently incarcerated at the Torrance County Detention Center ("TCDC") in Estancia, New Mexico. He filed a complaint against Corrections Corporation of America ("CCA") on August 29, 2007 in the Seventh Judicial District Court, County of Torrance [Doc. 1, Attached Complaint]. On December 5, 2007, CCA[2] removed the case to federal court. [Doc. 1, Notice of Removal].

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] CCA states in its Notice of Removal [Doc. 1, p. 3] that Jacobs made no attempt to identify "unknown number of employees" he purports to sue along with CCA, nor did he attempt to serve process on any employee. All Defendants who accepted service of process joined in removal of this case.

Jacobs styled his complaint as one under the New Mexico Tort Claims Act. However, he alleges violations of his constitutional right of access to court under 42 U.S.C. § 1983. Specifically, he claims that the correctional facility held onto some legal mail addressed to Jacobs in early 2007 that interfered with his right of access to court. He seeks $25,000 for the alleged violation of his right of access to the court, $25,000 for violation by CCA employees of CCA policy, $25,000 for "undue cost and mental anguish," and $25,000 in punitive damages for a total damage request of $100,000. [Doc. 1, Attached Complaint, pp. 5-6.]

Attached to the removal pleadings was a "Motion for Summary Judgment" filed by Jacobs in the state court proceeding. The motion is actually a request for default judgment against CCA. On January 9, 2008, the undersigned Chief Magistrate Judge entered a report and recommendation that Jacobs' "Motion for Summary Judgment" be denied. [Doc. 9.] To date, no objections have been filed but the deadline for doing so has not yet elapsed.

This matter comes before the Court on Defendant CCA's Motion for Summary Judgment, filed January 2, 2008 [Doc. 8]. Plaintiff Shawn Louis Jacobs ("Jacobs") filed a response on January 14, 2008 [Doc. 10]. No reply is necessary for resolution of this matter.

In reaching a recommendation on CCA's Motion for Summary Judgment, the Court considered the relevant law and pertinent pleadings, including Jacob's complaint, attachments, state court pleadings, CCA's answer, Jacob's reply to the answer, summary judgment pleadings with attachments, and pleadings from Jacob's earlier federal habeas petition (No. CIV 04-551 MV).[3]

---

[3]The Court may take judicial notice of its own court records in other proceedings. *See* Carthen v. Booher, 2007 WL 2407090 n. 4, at *3 (W.D. Okla. Aug. 22, 2007) (court took judicial notice of that same court's records of the petitioner's previous habeas challenges); Continental Coal, Inc. v. Cunningham, 511 F. Supp. 2d 1065, 1071 (D. Kan. 2007) (court took judicial notice of state court records); Fed. R. Evid. 201.

[Doc. Nos. 1, 5, 7, 8, 10.]  After careful consideration, the Court recommends that the CCA's Motion for Summary Judgment be granted and that this case be dismissed, with prejudice.

## **Factual and Procedural Background**

The following facts are undisputed.  TCDC is a prison owned and operated by CCA.  Jacobs is an inmate at TCDC.  Jacobs contends that CCA violated Jacob's right to access the courts by not delivering his legal mail in a timely manner.

The following background is taken from the Tenth Circuit Court of Appeal's decision in Jacobs v. Looney, et al., an earlier habeas proceeding filed by Jacobs.  No. 07-2061 (10th Cir. Sept. 12, 2007).  Some of the procedural background is taken from the court's docket in the earlier filed federal habeas petition, Jacobs v. Looney, et al., No. CIV 04-551 MV.

Jacobs was convicted of murder, kidnaping, and several other offenses in connection with the shooting of an eighteen-year old woman.  On October 24, 1994, the victim accepted a ride home from a man driving a green Jeep, who was later identified by two witnesses as Jacobs.  That evening, a passerby discovered a green Jeep in a ravine and the victim's body nearby.  The victim had been shot in the back of the head.  There was also evidence of sexual assault.  The victim's Dallas Cowboys' jacket, crucifix, and "eight-ball" t-shirt that witnesses testified the victim had on the day of her death were not at the scene.  The jury heard testimony that the Jeep found near the victim had been stolen from a local dealership and that Jacobs was seen driving a green Jeep during the two days proceeding the murder.

Three days before the murder, Jacobs had been released from prison and was living at his father's house.  After the murder, police watched Jacobs' father's house and saw Jacobs with a Dallas Cowboys jacket.  Jacobs was arrested.  The police executed a search warrant for the home and

recovered a Dallas Cowboys jacket and an "eight-ball" t-shirt. They found a pistol, and DNA testing indicated that blood on the muzzle of the pistol was likely the victim's. While incarcerated pending trial, Jacobs attempted to escape custody. That incident gave rise to an additional indictment.

A jury found Jacobs guilty of first-degree murder, kidnaping, attempted second-degree criminal sexual penetration, armed robbery, two counts of tampering with evidence, and multiple other charges. He first was sentenced to death plus sixty-nine years and six months in prison. On appeal, his conviction was affirmed but the death sentence was reversed. State v. Jacobs, 10 P.3d 127 (N.M. 2000). On remand, the state court sentenced Jacobs to life imprisonment plus sixty-nine years and six months.

Jacobs challenged his conviction through a state habeas petition but was unsuccessful. He then filed an earlier federal habeas petition. Jacobs v. Looney, et al., No. CIV 04-551 MV. On March 30, 2006, the federal district court adopted the magistrate judge's report and recommendation that respondents' motion to dismiss be granted and that the federal habeas petition be dismissed with prejudice. [Doc. 26, No. CIV 04-551 MV.] Judgement was entered the same date. [Doc. 27, No. CIV 04-551 MV.] Even though the Court entered judgment against Plaintiff dismissing his petition on March 30, 2006, Jacobs contends he did not receive copies of the Order and Judgment until the end of May 2006. [Doc. 32, No. CIV 04-551 MV.] On June 1, 2006, Jacobs filed a late notice of appeal, but the Tenth Circuit dismissed it as untimely because the notice was not filed within thirty days after entry of judgment. [Doc. 31, No. CIV 04-551 MV.]

Jacobs then moved for additional time to file a late appeal, and the district court allowed briefing on the issue. Ultimately, the magistrate judge recommended that Jacobs be allowed to file an appeal out of time [Doc. 37, No. CIV 04-551]. On January 31, 2007, the district court adopted

4

the recommendation, thereby permitting Jacobs to file an appeal beyond the 30-day time limit. [Doc. 39.]

In the present habeas proceeding, Jacobs asserts that the Court's January 31, 2007 Order (in No. CIV 04-551) arrived at TCDC on about February 2, 2007, but that TCDC personnel did not give Jacobs the legal mail until February 21, 2007.  At that point, Jacobs alleges he did not have time to prepare the appeal he had been permitted to file.  However, Jacobs neglects to mention in this proceeding that the June 1, 2006 appeal was permitted to proceed (even though filed untimely)[4] and that the Tenth Circuit denied the appeal on the merits.

On February 23, 2007 (in the earlier federal habeas proceeding), Jacobs filed a second motion to file an appeal out of time, along with a second notice of appeal.  [Doc. Nos. 40, 41, No. CIV 04-551 MV.]  On April 19, 2007, the district court determined its earlier decision to grant the motion to reopen retroactively validated Jacobs' June 1, 2006 notice of appeal.  Thus, the second motion to reopen time was denied as moot, and Jacobs' June 1, 2006 appeal proceeded.  [Doc. 47.]

On September 12, 2007, the Tenth Circuit denied the certificate of appealability and dismissed the appeal on its merits.  Jacobs v. Looney, No. 07-2061 (10th Cir. Sept. 12, 2007).  The Circuit Court specifically addressed the seven claims Jacobs raised and concluded that no reasonable jurist could dispute the district court's resolution of Jacob's habeas petition.  [Id., p. 6.]

Before Jacobs even saw the Tenth Circuit's September 12, 2007 opinion, he filed the present habeas petition in state court in August 2007, alleging that his access to court had been denied by

---

[4]Jacobs asserts that in two instances, his mail was delivered late: first, the Court's Order of Dismissal and Judgment in No. CIV 04-551 MV were not delivered to him until months after the fact, thereby resulting in his late appeal filed June 1, 2006; second, he did not promptly receive the Court's January 31, 2007 Order permitting his late appeal (dated June 1, 2006) to go forward.  Thus, both instances of alleged late receipt of legal mail relate to the same appeal that did ultimately proceed for resolution on the merits by the Tenth Circuit.

TCDC's belated delivery of legal mail in February 2007. [Doc. 1.] However, Jacobs should have known before filing the present action in August 2007, that the appeal in the earlier habeas proceeding was pending before the Tenth Circuit.

## Analysis

### I. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") directs that "[n]o action shall be brought with respect to prison conditions" until the prisoner had exhausted his available administrative remedies. 42 U.S.C. § 1997e(a). The United States Supreme Court had held that this provision of the PLRA makes exhaustion "mandatory" for all "inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 524 (2002). However, the United States Supreme Court recently held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 127 S.Ct. 910, 921 (2007).

In its Answer, CCA asserted that Jacobs may not have exhausted his administrative remedies. However, CCA does not raise the issue of exhaustion in its Motion for Summary Judgment. Based on the pleadings and attachments submitted by Jacobs, along with CCA's failure to provide proof that Jacobs did not exhaust, the Court assumes that Jacobs properly exhausted the administrative remedies before filing this proceeding.

### II. Denial of Access to Courts

A plaintiff, who alleges denial of access to the courts, "must show that non-delivery of his legal mail resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a legal claim.'" Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir. 2006) (*citing* Simkins v.

Bruce, 406 F.3d 1239, 1243 (10th Cir. 2005)) (internal citation omitted).  "Conclusory allegations of injury . . . will not suffice." Id. (internal citations omitted).

In Simkins v. Bruce, the district court granted summary judgment in favor of defendants concluding that the plaintiff had not demonstrated an actual injury resulted from his late receipt of legal mail.  The Tenth Circuit reversed the district court's grant of summary judgment, finding that the plaintiff had demonstrated an "actual injury." 406 F.3d at 1240-41.

In Simkins, the inmate similarly alleged that his access to the courts was denied when his legal mail was not provided to him in a timely manner.   Unlike the circumstances here, the evidence in Simkins demonstrated that the plaintiff's failure to receive defendants' summary judgment motion resulted in the admission of defendants' version of the facts, plaintiff's inability to argue the legal issues, and the loss of an opportunity for plaintiff to appeal. Id. at 1243-44.  Thus, the Tenth Circuit concluded "[that] case present[ed] a compelling example of an impediment or hindrance demonstrating actual injury under Lewis [v. Casey], 518 U.S. 343, 351-53 (1996)."

Here, there is no evidence of injury to Jacobs.  Even accepting as true Jacobs' allegation that the legal mail at issue was not provided to him until February 21, 2007 (19 days after receipt by TCDC), Jacobs was permitted to file his appeal late.  In other words, the appeal filed out of time back on June 1, 2006 proceeded to the Tenth Circuit for resolution.  The District Court's Order explained to Jacobs that it was not necessary for him, at that point, to file another or a new appeal.

> [T]o require the filing of  new notice of appeal . . . would amount to little more than empty paper shuffling.  Hinton [v. City of Elwood], 997 F.2d 774, 778 (10th Cir. 1993) (internal quotation marks omitted).  In other words, Jacobs's appeal may go forward based on the June 1, 2006 notice of appeal and the January 31, 2007 order reopening the time to file an appeal.

[Doc. 43, p. 2, No. CIV 04-551 MV.]

7

As stated before, the Tenth Circuit denied the certificate of appealability and dismissed the appeal on the merits. Thus, this case is not at all like the facts in Simkins, where the inmate did not have an opportunity to respond to the defendant's motion for summary judgment, present his version of the facts, or appeal the result. Here, Jacobs filed an appeal, and it was considered on the merits.

Jacobs speculates in his opposition to the Motion for Summary Judgment that the Tenth Circuit may have rejected his appeal on grounds of untimeliness even though it would not "state this on the record." [Doc. 10, p. 1.] Jacobs also asserts that he was injured by having to pay the cost of photo copies and postage to keep his appeal proceeding and that he was denied a refund. Finally, he claims he was injured by spending time in preparing the appeal and from "undo stress" caused by "all of the above." [Doc. 10, p. 2.]

Jacobs' speculation alone does not demonstrate that the Tenth Circuit failed to address his claims on the merits particularly in view of the clear language of the Circuit Court's September 12, 2007 opinion. In addition, the mere fact that Jacobs brings a lawsuit does not entitle him to damages related to the fees he paid for postage or filing, the mental distress he may have suffered in pursuing the lawsuit, or the time he spent in submitting pleadings. It is well established that "[d]amages are available for violations of § 1983 'to compensate persons for injuries caused by the deprivation of constitutional rights.'" Makin v. Colorado Dep't of Corr., 183 F.3d 1205, 1214 (10th Cir.1999) (quoting Carey v. Piphus, 435 U.S. 247, 254, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)). Jacobs did not present evidence that he suffered an "actual injury" related to non-delivery or late delivery of his legal mail, sufficient to show a violation of his constitutional rights. He was able to pursue his legal claims and did so, notwithstanding the late filing of his appeal.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a while could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *See* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations omitted).

The facts are undisputed in this case based primarily on the procedural history of Jacobs' habeas proceedings.[5] CCA succeeded in demonstrating "through admissible evidence . . . that there is an absence of evidence to support [Jacob's] case and the moving party is entitled to judgment as a matter of law." *See* Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

## **Recommended Disposition**

That Defendant CCA's Motion for Summary Judgment [Doc. 8] should be granted and that Jacob's complaint be dismissed with prejudice and the action be dismissed.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[5]Because the facts were undisputed, there was no reason to order a Martinez report.